UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ASHLEIGH STROUSE,**

    **Plaintiff,**

                                                    **CASE NO.:**

v.

**ROSSITER & CUMMARO
ENTERPRISE, LLC,**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ASHLEIGH STROUSE, by and through undersigned counsel, brings this action against Defendant, ROSSITER & CUMMARO ENTERPRISE, LLC., and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 2000e *et seq.* and 29 U.S.C. § 2601 *et seq.*

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Polk County, Florida.

## PARTIES

4. Plaintiff is a resident of Polk County, Florida, and worked in Polk County for Defendant.

5. Defendant operates a telemedicine business in Polk County.

## GENERAL ALLEGATIONS

6. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA, discriminated against her for her sex, due to pregnancy, and retaliated against Plaintiff for exercising her rights under the FMLA, Title VII, and the FCRA.

7. Plaintiff was an employee of Defendant, and she worked at least 1,250 hours in the 12 months preceding her need for leave under the FMLA.

8. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

11. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

12. As a female, Plaintiff is a member of a protected class of persons under Title VII and the FCRA.

13. Defendant discriminated against Plaintiff as to the terms and conditions of her employment.

14. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Title VII, the FCRA, and the FMLA.

15. Plaintiff has satisfied all conditions precedent, or they have been waived.

16. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

17. Plaintiff requests a jury trial for all issues so triable.

## FACTS

18. Plaintiff began working for Defendant on or around March 2020. Plaintiff worked as a Key Account Manager.

19. Plaintiff is a member of a protected class based on her sex (female) and pregnancy, and, on account of her protected status, Plaintiff benefits from the protections of Title VII and the FCRA.

20. Plaintiff became pregnant and requested to use Family Medical Leave for her maternity leave.

21. Plaintiff provided all necessary documentation and was approved for FMLA leave from September 19, 2022, until November 7, 2022.

22. On or about October 25, 2022, Plaintiff made a request to Defendant's Human Resources Department that she be allowed to continue to work from home until the end of 2022, at which point she would return to working in-person at Defendant's office, as Defendant has allowed other non-pregnant employees to do work from home.

23. However, Defendant denied Plaintiff's request to temporarily work from home, based on sex discrimination, due to Plaintiff's pregnancy, and in retaliation for taking FMLA leave.

24. Plaintiff exercised her rights under Title VII and the FCRA by objecting to Defendant's sex discrimination of her and exercised her rights under the FMLA by objecting to Defendant's retaliation against her for utilizing her FMLA leave.

25. On or about October 28, 2022, while she was still on FMLA leave, Plaintiff received a call from Defendant and was told that she was terminated.

26. Defendant terminated Plaintiff based on her sex and pregnancy, and in retaliation for exercising her rights under Title VII, the FCRA, and the FMLA.

27. Defendant's termination of Plaintiff's employment violated Plaintiff's rights under Title VII, the FCRA, and the FMLA.

## COUNT I – FMLA INTERFERENCE

28. Plaintiff realleges and readopts the allegations of paragraphs 6 through 9, 15 through 18, 20 through 21, and 25 through 27 of this Complaint as fully set forth herein.

29. Plaintiff required time off from work to care for herself, due to her pregnancy, a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

30. By terminating Plaintiff's employment for a pretextual reason while Plaintiff was on FMLA leave, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

31. Defendant's actions were willful and done with malice.

32. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

  (e)  Front pay;

  (f)  Liquidated Damages;

  (g)  Prejudgment interest on all monetary recovery obtained;

  (h)  All costs and attorney's fees incurred in prosecuting these claims; and

  (i)  For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

33. Plaintiff realleges and readopts the allegations of paragraphs 6 through 9, 15 through 17, 20 through 21, and 23 through 27 of this Complaint, as though fully set forth herein.

34. Plaintiff required time off from work to care for herself, due to her pregnancy, a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

35. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

36. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating her employment.

37. Defendant's actions were willful and done with malice.

38. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

  ***WHEREFORE***, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

**COUNT III – TITLE VII VIOLATION**
**(SEX DISCRIMINATION)**

39. Plaintiff realleges and readopts the allegations of paragraphs 6, 10 through 19, and 22 through 27 of this Complaint, as though fully set forth herein.

40. Plaintiff is a member of a protected class under Title VII.

41. Plaintiff was subjected to disparate treatment on the basis of her pregnancy, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against her by terminating her after she engaged in protected activity.

42. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

43. Defendant's actions were willful and done with malice.

44. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

  ***WHEREFORE***, Plaintiff demands:

  a) A jury trial on all issues so triable;

  b) That process issue and that this Court take jurisdiction over the case;

  c) An injunction restraining continued violation of Title VII by Defendant;

  d) Compensation for lost wages, benefits, and other remuneration;

  e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

  f)  Any other compensatory damages, including emotional distress, allowable at law;

  g)  Punitive damages;

  h)  Prejudgment interest on all monetary recovery obtained.

  i)  All costs and attorney's fees incurred in prosecuting these claims; and

  j)  For such further relief as this Court deems just and equitable.

### COUNT IV – TITLE IV RETALIATION

45. Plaintiff realleges and readopts the allegations of paragraphs 6, 10 through 17, and 24 through 27 of this Complaint, as though fully set forth herein.

46. Plaintiff is a member of a protected class under Title VII.

47. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

48. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating Plaintiff's employment.

49. Defendant's actions were willful and done with malice.

50. In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

51. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

  ***WHEREFORE***, Plaintiff demands:

  a)  A jury trial on all issues so triable;

b)  That process issue and that this Court take jurisdiction over the case;

c)  That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

d)  That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e)  Compensation for lost wages, benefits, and other remuneration;

f)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g)  Front pay;

h)  Any other compensatory damages, including emotional distress, allowable at law;

i)  Punitive damages;

j)  Prejudgment interest on all monetary recovery obtained.

k)  All costs and attorney's fees incurred in prosecuting these claims; and

l)  For such further relief as this Court deems just and equitable.

## COUNT V – FCRA VIOLATION
## (SEX DISCRIMINATION)

52. Plaintiff realleges and readopts the allegations of paragraphs 6 through 9, 10 through 19, and 22 through 27 of this Complaint, as though fully set forth herein.

53. Plaintiff is a member of a protected class under the FCRA.

54. Plaintiff was subjected to disparate treatment by Defendant on the basis of her pregnancy, Defendant failed to take remedial action when Plaintiff complained about the discrimination, and retaliated against her by terminating her after she engaged in protected activity.

55. Defendant's actions were willful and done with malice.

56. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

11

    f)     Punitive damages;

    g)     Prejudgment interest on all monetary recovery obtained.

    h)     All costs and attorney's fees incurred in prosecuting these claims; and

    i)     For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

57. Plaintiff realleges and readopts the allegations of paragraphs 6, 10 through 17, and 24 through 27 of this Complaint, as though fully set forth herein.

58. Plaintiff is a member of a protected class under the FCRA, as a pregnant female.

59. Plaintiff engaged in protected activity under the FCRA by opposing Defendant's discrimination against Plaintiff.

60. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

61. Defendant's actions were willful and done with malice.

62. By terminating Plaintiff, Defendant took material adverse action against Plaintiff.

63. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d)     Compensation for lost wages, benefits, and other remuneration;

e)     Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

f)     Front pay;

g)     Any other compensatory damages, including emotional distress, allowable at law;

h)     Punitive damages;

i)     Prejudgment interest on all monetary recovery obtained.

j)     All costs and attorney's fees incurred in prosecuting these claims; and

k)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 14th day of August, 2023.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **HANNAH E. DEBELLA**
        Florida Bar Number: 1026002
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: hdebella@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**