UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
**CASE NO: 8:23-CV-01823-WFJ-UAM**

**ASHLEIGH STROUSE**,

        Plaintiff,

vs.

**ROSSITER & CUMMARO ENTERPRISES, LLC**,

        Defendant.

_____/

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

The Defendant the Federal Rules of Civil Procedure, file their Answer and Affirmative Defenses to the Complaint [DE-1]; and in support thereof states:

### ANSWER

### General Responses

1. Any averment, allegation, or prayer for relief that is not specially admitted to is hereby denied in its entirety.

2. Any reference to any statute, case law, or document, is acknowledged to the point that such statute, case law, or document speaks for itself. However, the Defendants deny any liability or action that maybe inferred to be inconsistent with such statute, case law, or document, unless specifically admitted to in the Specific Responses set forth below.

3. The Specific Responses are in numbered paragraphs that coincide with the numbered paragraphs of the Complaint.

### Specific Responses

1. Admitted for jurisdictional purposes only. The Defendants deny any liability to the Plaintiff.

2. Admitted for jurisdictional purposes only. The Defendants deny any liability to the Plaintiff.

3. Admitted for jurisdictional purposes only. The Defendants deny any liability to the Plaintiff.

4. Defendant is without sufficient knowledge to either admit or deny the residency of the Plaintiff. The remainder of the averment is admitted to.

5. Defendant admits that they are a technology company that connects patients with healthcare providers; but denies the remainder of the averment.

6. Denied.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted for jurisdictional purposes only. The Defendants deny any liability to the Plaintiff.

11. Admitted.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

16. Defendant is without sufficient knowledge to either admit or deny the averment.

17. No response to this averment is required.

18. Denied as presented, the Plaintiff began employment on or about June 17, 2020.

19. Admitted for jurisdictional purposes only. The Defendants deny any liability to the Plaintiff.

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied.

24. Denied.

25. Admitted that the Plaintiff was terminated as the Defendant was downsizing its operations and her position was eliminated.

26. Denied.

27. Denied.

28. Defendant is without sufficient knowledge to either admit or deny the averment.

29. The attached and referenced document is acknowledged to the point that such document speaks for itself. However, the Defendant denies any liability or action that maybe inferred to be inconsistent with such document, unless specifically admitted to in the Specific Responses set forth below.

## Count I / FMLA INTERFERENCE

30. Defendant restates the responses previously provided responses to the averments alleged by the Plaintiff with the same full force and effect as if they were repled in their entirety herein.

31. Defendant is without sufficient knowledge to either admit or deny the averment.

32. Denied.

33. Denied.

34. Denied.

## Count II / FMLA RETALIATION

35. Defendant restates the responses previously provided responses to the averments alleged by the Plaintiff with the same full force and effect as if they were repled in their entirety herein.

36. Defendant is without sufficient knowledge to either admit or deny the averment.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## Count III / TITLE VII VIOLATION (SEXUAL DISCRIMINATION)

41. Defendant restates the responses previously provided responses to the averments alleged by the Plaintiff with the same full force and effect as if they were repled in their entirety herein.

42. Admitted.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## Count IV / TITLE IV RETALIATION[1]

47. Defendant restates the responses previously provided responses to the averments alleged by the Plaintiff with the same full force and effect as if they were re-pled in their entirety herein.

48. Admitted.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## Count V / FCRA VIOLATION (SEX DISCRIMINATION)

54. Defendant restates the responses previously provided responses to the averments alleged by the Plaintiff with the same full force and effect as if they were re-pled in their entirety herein.

55. Admitted.

56. Denied.

57. Denied.

58. Denied.

## Count VI / FCRA RETALIATION

---

[1] It appears that the caption of this count is stated in error, it appears to be a claim under Title VII, not Title IV. Based on the substantive averments of this Count the Defendant will treat this as a claim under Title VII. If the Defendant is incorrect and is a claim under Title IV, the Defendant reserves the right to provide an amended answer and affirmative defenses to this Count. Alternatively, Defendant denies all of the averments set forth in this Count of the Complaint.

59. Defendant restates the responses previously provided responses to the averments alleged by the Plaintiff with the same full force and effect as if they were repled in their entirety herein.

60. Admitted.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## AFFIRMATIVE DEFENSES

Notwithstanding the Defendant's denials of the allegations set forth against the Defendant by the Plaintiff, the Defendants set forth the following Affirmative Defenses:

**1st Affirmative Defense**: The Plaintiff's claims for punitive damages set forth in the Complaint is barred by Fla. Stat. §768.72. F.S. §768.72 prohibits a party from pleading punitive damages prior to making a "reasonable showing of evidence" which would "provide a reasonable basis for recovery of such damages."

**2nd Affirmative Defense**: The Plaintiff's separation from her employment with the Defendant was based upon the Plaintiff's reduction in company-wide staffing, which resulted in the elimination of the Plaintiff's job position – not for any nefarious reason or disparate purpose.

**3rd Affirmative Defense**: All actions taken by the Defendant regarding the employment relationship between the Plaintiff and the Defendant were taken absent any discriminatory intent or discriminatory animus. None of the actions taken by the Plaintiff were made with any

impermissible motivating factors. The reduction in company-wide staffing resulted in the elimination of the Plaintiff's job position.

**4th Affirmative Defense**: The Defendant had legitimate, non-discriminatory and non-retaliatory reasons for all employment related actions taken by the Defendant with respect to the Plaintiff. Including, but not limited to the reduction in company-wide staffing resulted in the elimination of the Plaintiff's job position.

**5th Affirmative Defense**: In the unlikely event that the Court was find that the Plaintiff suffered damages as a result of the actions of the Defendant, the damage award should be diminished as the Plaintiff failed to properly mitigate her alleged damages.

**6th Affirmative Defense**: The Plaintiff cannot establish a claim for discrimination as the Plaintiff failed to allege how the Defendant treated similarly situated employees outside of the Plaintiff's class more favorably.

**7th Affirmative Defense**: The Plaintiff cannot establish a claim for pregnancy discrimination as the Plaintiff failed to allege how the Defendant treated similarly situated employees outside of the Plaintiff's class more favorably.

**8th Affirmative Defense**: The Plaintiff cannot establish a claim for disability discrimination as the Plaintiff failed to allege how the Defendant treated similarly situated employees outside of the Plaintiff's class more favorably.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading which was filed with the Clerk of the Court and was provided to: **Brandon J. Hill, Esquire,** , Bhill@wfclaw.com **and Hannah E. Debella, Esquire,** hdebella@wfclaw.com, of Wenzel Fenton Cabassa, P.A., 1110 N. Florida Avenue, #300, Tampa. FL 33606; and all attorneys listed on and via the ECM System on **November 8, 2023**.

*/s/ RANDY M. GOLDBERG, ESQUIRE*
Florida Healthcare Law Firm
FBN: 045187
151 NW 1st Avenue
Delray Beach, FL 33444
754-224-0867
RMGEsquire@gmail.com
Randy@FloridaHealthcareLawFirm.com